| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>      Plaintiff,<br><br>    v.<br><br>JOHN DOE, subscriber assigned IP address 208.102.125.136<br><br>      Defendant. | Case No.: 1:23-cv-00150-TSB<br><br>Judge:    Hon. Timothy S. Black |

**MEMORANUDM IN SUPPORT OF UNOPPOSED MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY**

Defendant John Doe ("Doe"), the subscriber assigned the internet protocol address 208.102.125.136 (the "IP Address") on January 6, 2023, by and through counsel, files this Memorandum in Support of its Motion for a Protective Order and Leave to Proceed Anonymously, pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c), and requests an Order 1) prohibiting any party from publicly disclosing any information relating to Doe that Plaintiff Strike 3 Holdings, LLC, ("Strike 3") receives in response to the Rule 45 subpoena that it issued to Doe's internet service provider ("ISP"), Cincinnati Bell d/b/a Altafiber and 2) permitting Doe to proceed anonymously in this matter at least until the Court has ruled on any dispositive motions. In support of the motion, Doe states as follows:

        **I.**        **STATEMENT OF FACTS**

Strike 3 filed a Complaint on March 16, 2023 against an anonymous John Doe defendant, in which it accused Doe of using the IP Address to engage in copyright infringement of 36 works, which, based on their description in the Complaint, Doe assumes are of an interracial

1

pornographic nature. (See Complaint [Doc No. 1], ¶¶ 1 and 17.) Plaintiff petitioned the Court to allow expedited discovery from Cincinnati Bell, the ISP associated with the IP Address, in order to identify the subscriber allegedly assigned the IP Address.

On April 17, 2023 the Court entered an order (the "Order") allowing Strike 3 to serve a subpoena on Cincinnati Bell compelling it to disclose the identity of the subscriber of the IP Address. (See Order [Doc. No. 9].) On or about April 19, 2023, Plaintiff served a subpoena on Cincinnati Bell seeking to identify the owner of the IP Address on January 6, 2023 at 02:25:06 UTC. (See Declaration of Jonathan D. Daugherty in Support of Defendant's Motion for Protective Order and Leave to Proceed Anonymously ("Daugherty Decl.") Exhibit A). The Order required that if any subscriber identified by Cincinnati Bell wished to proceed anonymously, such subscriber must do so within 30 days of receipt of notice of the subpoena from Cincinnati Bell.[1]

On May 6, 2023, Doe received a letter from Cincinnati Bell (the "Letter") providing notice that disclosure of Doe's identity would be made to Strike 3 if Doe did not intervene. The Letter included a copy of the Order, but not the subpoena. Cincinnati Bell subsequently provided a copy of the subpoena to Doe's counsel on May 19. In addition, Cincinnati Bell confirmed to counsel that Doe's IP address is dynamic. (Daugherty Decl., Exhibit B). Thus, Doe's current IP address might be different from the IP Address in question.

The Subpoena commands the ISP to disclose the identity of the subscriber of the IP Address at a specific date and time: January 6, 2023 at 02:25:06 UTC. (See Subpoena, Daugherty Decl. Exhibit A.). This specific date and time corresponds to the first alleged infringement listed in Exhibit A of the Complaint. (See Complaint [Doc. No. 1], Exhibit A.) But the Subpoena does not require the ISP to disclose the subscriber of the IP Address on any of the other 35 times and dates mentioned in

---

[1] Seeking relief under Rules 5.2(e) and 26(c) does not require one to be a party to the case. By way of this motion, Doe does not intend to make a general appearance, and specifically reserves all Rule 12 defenses, including defenses relating to service of process.

Exhibit A of the Complaint. (Compare, Complaint [Doc. No. 1] Exhibit A with Subpoena, Daugherty Decl. Exhibit A).

Although the ISP will or has revealed the identity of the subscriber of the above-mentioned IP address on June 5, 2023, such will not necessarily reveal either (i) the identity of the BitTorrent user who allegedly infringed upon Strike 3's copyrights on January 6, 2023, nor (ii) the subscriber of the IP address or BitTorrent user's identity during the other 35 alleged infringements listed in Exhibit A to the Complaint. Merely identifying the subscriber of the IP address where infringing activity allegedly occurred does not state a claim for copyright infringement. *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1147 *(*9th Cir. 2018). Doe denies being the infringer of Plaintiff's copyrights.

In connection with Doe's denial, the subpoena itself indicates that the IP Address is a wireless internet connection ("WIFI"). (See Subpoena, Daugherty Decl. Exhibit A.). Plaintiff is well-aware that WIFI connections are a point of network vulnerability whereby an infringer outside the subscriber's residence may be able to surreptitiously use the subscriber's network to infringe, particularly if the subscriber has no password or a weak password. (*See*, *Malibu Media v. Doe*, Case No. 2:14-cv-00456, Declaration of Patrick Paige, ECF Doc. 2 ¶¶ 21-23 (S.D. Ohio May 15, 2014).[2]

Strike 3 has confirmed to Doe that it will not oppose a request to proceed anonymously. Thus, Doe now files this Motion to Proceed Anonymously because allowing Strike 3 to prematurely reveal Doe's identity in this lawsuit would cause great embarrassment and irreparable harm to Doe's career and reputation.

---

[2] Patrick Paige also has submitted a declaration in this matter in support of plaintiff's motion for expedited discovery. (See Doc. 8-3).

## II. LAW AND ARGUMENT

Although normally a Complaint should name all of the parties, the Court has discretion to allow a party to proceed under a pseudonym in certain circumstances. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Federal Rule of Civil Procedure 26(c)(1) provides that the Court "may, for good cause, issue an order to protect a … person from annoyance, embarrassment, oppression, or undue burden or expense." In addition, Rule 5.2 permits the Court to seal or redact portions of the judicial record upon a showing of "good cause."

In order to obtain such relief, a party wishing to proceed anonymously must show "that the need for anonymity substantially outweighs the presumption that parties' identities are public information and the risk of unfairness to the opposing parties." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *Doe v. Porter*, 370 F.3d at 560. In particular, a case involving "sensitive matters," including a party's sexuality, is more often allowed to proceed anonymously. *Id.*

As this Court has recognized, in applying the above considerations to "similar copyright infringement actions[, Courts] regularly address concerns about publicly identifying the subscriber by entering a protective order or otherwise allowing the subscriber to proceed anonymously on the public docket." *Malibu Media v. John Doe*, 1:14-cv-00493, Doc. 20 (S.D. Ohio Jan. 21, 2015) (Black, D.J.).

**A. Concerns with False Positives and Privacy Lead District Courts in this Circuit to Routinely Permit Defendants in Similar Actions to Proceed Anonymously.**

In similar actions, <u>this District</u> and other District Courts across the Sixth Circuit have routinely granted defendants' motions to proceed anonymously. *See, e.g., Malibu Media v. John Doe*, 1:14-cv-493, Notational Order (S.D. Ohio Feb. 26, 2015) (Black, D.J.), *Malibu Media, LLC*

*v. Doe*, Case No. 2:14-cv-00456, Doc. No. 11 (S.D. Ohio Oct. 18, 2014); *Malibu Media, LLC v. Doe*, Case No. 2:14-cv-420, Doc. No. 77 (S.D. Ohio June 30, 2014).

As explained by the Eastern District of Michigan in a recent case involving Strike 3 as the plaintiff, "an allegation that someone illegally downloaded pornography could go to sensitive matters, including an individual's sexuality." *Strike 3 Holdings, LLC v. Doe*, 2021 WL 625251, at *2 (E.D. Mich. Jan. 29, 2021). Likewise, other District Courts in the Sixth Circuit have also found good cause to allow defendants to proceed anonymously in similar suits, since the subscriber who pays the bill for the internet connection is not necessarily the user responsible for the alleged infringement. *Id.* ("the ISP subscribers may not be the individuals who allegedly infringed upon Strike 3 Holdings' copyright"); *Patrick Collins, Inc. v. John Does 1-33*, 2013 WL 12182153, at *7 (E.D. Mich. Feb. 27, 2013) ("an IP address does not necessarily correlate to a particular alleged infringer because several people may access the same IP address") (citation omitted).

In line with the *Strike* 3 decision quoted in the preceding paragraph, the overarching concern of the District Courts in the Sixth Circuit and elsewhere[3] has been that permitting defendants to proceed anonymously in similar infringement actions will offset potential harm that a false positive will embarrass and harass an innocent ISP account holder by publicly implying information about such innocent ISP account holder's sexuality that may be untrue. Indeed, Courts regularly require Strike 3 to make potential defendants aware that they can seek to

---

[3] Similar motions are also routinely granted outside the Sixth Circuit. *See e.g.*, *Digital Sin, Inc. v. Does 1–27*, No. 12–3873, 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012) ("The combination of [risk of false positive identifications and stories of harassing and abusive litigation techniques by some law firms] and the nature of the copyrighted work in this case creates the possibility of undue embarrassment and harm were a Doe defendant's name to be publicly, but erroneously, linked to the illegal downloading of the plaintiffs' copyrighted work. Accordingly, the Court finds that there are sufficient grounds to issue a protective order to protect against these concerns."); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (protective order issued recognizing "30% of the names turned *over* by ISPs are not those of individuals who actually downloaded or shared copyrighted material." (emphasis original)).

proceed anonymously when granting expedited discovery in the first instance, as Your Honor did in the Order.[4]

Indeed, Strike 3's founder, Greg Lansky, has acknowledged the public embarrassment and harassment that could result from association with his films:

> "We've been the scapegoat and the target for every single agenda from the left and the right for the past I don't know how many years," says Lansky. "We're like the witches of the world, and I think people are sick of it. … You get [criticism] from really racist people, and then you get it from really progressive people that feel you're perpetuating some stereotype, but in reality, the goal behind this is simply entertainment," says Lansky. "Having an interracial site, you can't win. Everyone hates you. [They think] you're a horrible person. It is what it is."

Swann, Jennifer, *Rolling Stone Magazine*, "Versace, Champagne and Gold: Meet the Director Turning Porn Into High Art" (April 5, 2018) (alterations original), available at https://www.rollingstone.com/culture/culture-features/versace-champagne-and-gold-meet-the-director-turning-porn-into-high-art-629908/ (last accessed, June 2, 2023).[5]

If served, or if service is waived, Doe will generally deny all claims, as Doe did not distribute the works on BitTorrent and knows very little about BitTorrent or the allegedly infringed content. Even if later vindicated through discovery, simply being publicly associated with these allegations of distributing controversial pornographic films will cause Doe and Doe's spouse great stress and mental anguish.

Furthermore, Doe is a businessperson involved in sales to the general public, and relies on reputation and personal interactions with others throughout the community to maintain a

---

[4] *Strike 3 Holdings, LLC v. Doe*, 2022 WL 5007963, at *3 (N.D. Cal. Oct. 4, 2022) (in granting expedited discovery, ordered that "Plaintiff must attempt to ensure Defendant knows he or she can proceed anonymously at the earliest possible opportunity."); *Strike 3 Holdings, LLC v. Doe*, No. 19-10720, 2019 WL 2523591, at *1 (E.D. Mich. June 19, 2019) ("In this District, defendants in IP cases have been permitted to remain anonymous during discovery…")

[5] This article was cited in the Declaration of David Williamson in support of Plaintiff's motion for expedited discovery. (See Doc.8-2, PAGEID #56, n.4).

livelihood. Indeed, Google Reviews for Doe made by the general public within the last year are universally glowing and "five stars." While this Court may have modern sensibilities such as to simply shrug off being publicly alleged to have distributed controversial pornography, the general public is not necessarily so open-minded. Thus, Doe is greatly concerned about the possible damage to Doe's reputation in the community that may arise from the mere allegations of this Complaint, even if Doe is later proven to not be the infringer. Indeed, once Doe becomes associated with the claims in this matter, the damage will be done very quickly to Doe's reputation, and Doe may have no recourse to recover Doe's reputation.

B.  **The Need for Anonymity Substantially Outweighs the Presumption That the Parties' Identities are Public Information and the Risk of Unfairness to the Opposing Parties.**

Other courts in similar actions have also routinely found that an association with pornographic material is sufficiently embarrassing in and of itself that the need for anonymity substantially outweighs both the presumption that parties' identities are public information and the risk of unfairness to the opposing parties. *Sunlust Pictures, LLC v. Does 1-75* is illustrative of the analysis:

> [In] matters of a sensitive and highly personal nature … anonymous litigation may be permitted. A disputed allegation that Doe illegally downloaded (and presumably viewed) a pornographic movie fits within this framework. And because Doe (as a defendant) has not purposefully availed himself of the courts, the public's interest in knowing his identity is weaker. Finally, Sunlust will not be unfairly prejudiced because it will know Doe's true identity and can prosecute any claims that have legal merit. The only consequence to Sunlust that proceeding anonymously will be diminution of the threat of publicly disclosing Doe's identity (thereby embarrassing Doe) as leverage to force a settlement.

2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) (internal citations and quotation marks omitted); *See also Malibu Media, LLC v. John Does 1-5*, 285 F.R.D. 273, 278 (S.D.N.Y. 2012) ("this Court and others have permitted defendants to litigate the BitTorrent cases anonymously upon a proper request to do so. The ability of a John Doe defendant to ensure that his name will

7

not be publicly associated with the case removes much, if not all, of the leverage that a plaintiff would possess to unduly coerce him into settlement.").

The Eastern District of Tennessee has provided a useful explanation of factors that may indicate that the public's interest in knowing party names would be minimally implicated, explaining that:

> While the public will not know Doe's identity from a review of the complaint, the public's knowledge of the judicial proceedings will be only minimally restricted because the public will know, among other things, what is alleged to have occurred between Doe and Defendants, where and how the alleged actions took place, and how the parties investigated and responded to the alleged actions.

*EEOC v. Care Ctrs Mgmt. Consulting, Inc.*, 2012 WL 4215748, at *3 (E.D. Tenn. Sept. 18, 2012) (*dicta*). Similarly, in *Patrick Collins Inc. v. John Does 1–28*, the court weighted the defendant's "reputational risks, coupled with the risk of false positives," to conclude that "permitting the defendants to proceed anonymously … is reasonable."[6] 2013 WL 359759, at *11 (E.D. Mich. Jan. 29, 2013).

Similarly here, allowing Doe to proceed anonymously, at least through the pretrial stage, does "not obstruct the public interest in . . . any significant way." *Care Ctrs. Mgmt. Consulting*, 2012 WL 4215748, at *3. The Complaint and other public case filings reveal "what is alleged to have occurred" between Doe and Strike 3, "where and how the alleged actions took place, and how the parties investigated and responded to the alleged actions." *Id.* The public's knowledge regarding this lawsuit will be minimally restricted. Doe requests to proceed anonymously until the Court has ruled on all dispositive motions.

---

[6] In light of the minimal imposition on the public and plaintiff, even judges who are somewhat skeptical of the reputational harms of defendants in cases such as this have granted leave to proceed anonymously through the pre-trial stage. *Malibu Media, LLC v. Doe*, Case No. 2:15-cv-2519, Doc. No. 7 (S.D. Ohio Aug. 26, 2015) (granting motion to proceed anonymously).

Further, Strike 3 is not prejudiced at all. It has consented to the relief Doe requests and during the time in which the case is proceeding anonymously, Strike 3 will have access to Doe's information.

The only thing omitted from the public record is Doe's name until the factual record has been developed sufficiently in pre-trial so as to more definitively say whether this BitTorrent case is, or is not, one of the many false positive cases. Doe maintains that it is a false positive case, and that the motion should therefore be granted.

### III. CONCLUSION

For the foregoing reasons, Defendant John Doe respectfully requests that the Court grant this Unopposed Motion to Proceed Anonymously and preclude Plaintiff Strike 3 from identifying Doe in this lawsuit until the Court has ruled on all dispositive motions.

Respectfully submitted,

/s/ *Jonathan Daugherty*
Jonathan Daugherty (Ohio Reg. – 0097508)
jon@jdcincylaw.com
Daugherty Law Office LLC
178 Barnwood Drive
Edgewood, KY  41017
Phone:  (859) 331-5500
Facsimile:  (859) 331-2519

*Attorney for Defendant John Doe*