STRIKE 3 HOLDINGS, LLC,
      Plaintiff,

    v.

JOHN DOE, subscriber assigned IP address
208.102.125.136

      Defendant.

Case No.:  1:23-cv-00150-TSB

Judge:     Hon. Timothy S. Black

## DECLARATION OF JONATHAN D. DAUGHERTY IN SUPPORT OF JOHN DOE'S UNOPPOSED MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY

I, Jonathan D. Daugherty, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge and belief:

1. I am a principal in the firm Daugherty Law Office, LLC, counsel for Defendant John Doe, the subscriber assigned the internet protocol address 208.102.125.136 on January 6, 2023.

2. I respectfully submit this Declaration in support of Doe's Unopposed Motion for a Protective Order and Leave to Proceed Anonymously.

3. Attached hereto as Exhibit A is a true and correct copy of the subpoena Plaintiff served on Cincinnati Bell on or about April 19, 2023.

4. Attached hereto as Exhibit B is a true and correct copy of email communication from Cincinnati Bell to the undersigned on May 19, 2023.

Dated June 5, 2023

_____
Jonathan D. Daugherty

EXHIBIT A



3136 Kingsdale Center, #119
Upper Arlington, Ohio 43221
Phone: 614-561-7541
Email: jridge@ridge-law.com

April 19, 2023

**VIA CERTIFIED MAIL ONLY**

Cincinnati Bell
DBA altafiber
221 E 4th Street
Cincinnati, Ohio 45202

Re: Subpoena for United States District Court for Southern District of Ohio Case No: 1:23-cv-00150-TSB

Dear Cincinnati Bell:

Please see the enclosed subpoenas in reference to the above case numbers.

Sincerely,

John C. Ridge, Esq.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| STRIKE 3 HOLDINGS, LLC | | Civil Action No.: **1:23-cv-00150-TSB** |
|---|---|---|
| | *Plaintiff* | |
| v. | | |
| John Doe subscriber assigned IP address 208.102.125.136, | | |
| | *Defendant.* | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cincinnati Bell
DBA altafiber
221 E 4th Street
Cincinnati, Ohio 45202
(513) 397-9900

**Serve: Via Certified Mail**

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please produce documents identifying the **name AND address ONLY** of the defendant John Doe listed in the below chart **AFTER** expressly following the instructions and limitations outlined by the Court in the attached Order.

| IP Address | If this is a WiFi IP address, please use Port ID | Date/Time |
|---|---|---|
| 208.102.125.136 | 57392 | 01-06-2023 02:25:06 UTC |

| Attn: | John C. Ridge | Date and Time: |
|---|---|---|
| Place: | Ridge Law, LLC | June 5, 2023 @ 5:00 PM EST |
| | 3136 Kingsdale Center #119 | |
| | Upper Arlington, Ohio 43221 | |
| | Telephone: 614-561-7541 | |
| | Facsimile: 614- 799-2506 | |
| | E-mail : jridge@ridge-law.com | |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/19/2023

CLERK OF COURT

OR

_____                    /s/ Jeremy J. Thompson
    Signature of Clerk or Deputy Clerk                    Attorney's Signature

The name, address, e-mail, and telephone number of the attorney representing *Plaintiff*, who issues or requests this subpoena, are:

John C. Ridge
3136 Kingsdale Center #119
Upper Arlington, Ohio 43221
Telephone: 614-561-7541
Facsimile: 614- 799-2506
E-mail : jridge@ridge-law.com
*Trial Counsel*

Jeremy J. Thompson
The Law Office of Jeremy J. Thompson PLLC
5200 Willson Road, Suite 150
Edina, MN 55424
(952) 952-1883 (ph), (952) 952-1884 (fax)
Email: jeremy@jthompson.law
*Pro hac forthcoming*

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | : | Case No. 1:23-cv-150 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JOHN DOE subscriber assigned IP | : | |
| Address 208.102.125.136, | : | |
| | : | |
| Defendant. | : | |

## ORDER ON PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE

This civil case is before the Court on Plaintiff's *ex parte* motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference. (Doc. 8).

On March 16, 2023, Plaintiff Strike 3 Holdings, LLC ("Strike 3"), a company that owns adult motion pictures, filed this copyright infringement action against Defendant John Doe, alleging that Defendant unlawfully downloaded and distributed Strike 3's copyrighted movies using the BitTorrent protocol. (Doc. 1 at ¶¶ 2, 4). Strike 3 has identified Defendant only through his or her Internet Protocol ("IP") address. (*Id.* at ¶ 12). On April 11, 2023, Strike 3 filed the instant motion, in which it seeks to discover John Doe's name and address by issuing a subpoena to Cincinnati Bell, the Internet Service Provider ("ISP") associated with the identified IP address. (Doc. 8).

Generally, a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," but the Federal Rules allow early discovery "when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Courts within the Sixth

Circuit require a showing of good cause in order to authorize expedited discovery. *Malibu Media, LLC v. Doe*, No. 2:15-CV-1202, 2015 WL 12732859, at *1 (S.D. Ohio Apr. 13, 2015) (citation omitted). Good cause may be found based upon "(1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward." *Malibu Media*, 2015 WL 12732859, at *1 (citations omitted).

Having reviewed the complaint, the instant motion, and the accompanying memorandum of points and authorities, the Court finds that Strike 3 has demonstrated good cause for early discovery. Strike 3 has alleged a claim for direct copyright infringement (Doc. 1 at ¶¶ 13-46; Doc. 1-1 (list identifying infringed works)) and narrowly tailored the discovery sought as exclusively "the true name and address of Defendant" (Doc. 8-1 at 3). Furthermore, the information sought is necessary to prosecute Strike 3's claim and is otherwise unavailable.[1]

Based upon the foregoing, Strike 3's *ex parte* motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference is **GRANTED**, subject to the following:

1. Strike 3 may serve a Rule 45 subpoena on Cincinnati Bell, the ISP identified in its motion, to obtain information to identify John Doe subscriber assigned IP address 208.102.125.136, specifically his or her full name and residential address. Strike 3 is expressly not permitted to seek or obtain John Doe's email

---

[1] *See Cook Prods., LLC v. Does 1-10*, No. 16-3045, 2016 WL 10489867 at *1 (N.D. Ohio Dec. 30, 2016) ("Good cause is easily established in a copyright infringement case, where, as here, plaintiff has established that it cannot meet its service obligation under Fed. R. Civ. P. 4 without the requested discovery.") (internal citations omitted).

addresses or telephone numbers. Strike 3 shall attach a copy of this Order to the subpoena.

2. If and when Cincinnati Bell is served with a subpoena, Cincinnati Bell shall give written notice, which may include e-mail notice, to subscriber assigned IP address 208.102.125.136 at least 14 days prior to releasing the subscriber's identifying information to Strike 3. When giving written notice, Cincinnati Bell shall include a copy of this Order. If Cincinnati Bell and/or Defendant would like to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be no earlier than 45 days from the date of service. Cincinnati Bell shall preserve any subpoenaed information, pending the resolution of any timely filed motion to quash.

3. If the Defendant wishes to proceed anonymously in this litigation, Defendant shall make that request through a motion for protective order. Any such motion shall be filed within 30 days of when Defendant received written notice of the subpoena from Cincinnati Bell. The motion requesting anonymity may be filed under seal if it contains information identifying the Defendant. If the motion is filed under seal, or is not filed electronically, Defendant shall serve a copy upon counsel for Strike 3.

4. To preserve Defendant's ability to seek a protective order, Strike 3 shall refrain from identifying Defendant's name on the public docket for a period of 30 days after receiving the subscriber's identifying information from Cincinnati Bell.

**IT IS SO ORDERED.**

Date:  4/17/2023                                    *s/Timothy S. Black*
                                                    Timothy S. Black
                                                    United States District Judge

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**(OHSD-1006-CINC)** Strike 3 Holdings, LLC v. John Doe
Case No.: 1:23-cv-00150-TSB

| Cincinnati Bell | | |
|---|---|---|
| **IP Address** | **Port** | **Date/Time UTC** |
| 208.102.125.136 | 57392 | 01-06-2023 02:25:06 |
| | | |
| | | |



JR **RIDGE LAW, LLC**

3136 Kingsdale Center #119
Upper Arlington, OH 43221

CERTIFIED MAIL

COLUMBUS OH 430

APR 2023 PM 3 L

9589 0710 5270 0701 2539 48

Cincinnati Bell
DBA altafiber
221 E 4th Street
Cincinnati, Ohio 45202

45202-411899



U.S. POSTAGE PAID
FCM LETTER
COLUMBUS, OH
43220
APR 19, 23
AMOUNT
$8.37
R2305K13728-25

EXHIBIT B

**Jonathan Daugherty**

| | |
|---|---|
| **From:** | Security Office <SecurityOffice@altafiber.com> |
| **Sent:** | Friday, May 19, 2023 5:00 PM |
| **To:** | Jonathan Daugherty |
| **Subject:** | RE: Notice of pending action |

Jonathan,

The IP address that is the subject of the subpoena is a dynamic IP. We retain IP records for 90 days.

*Kathy*

Kathy Smith
**Security Specialist – Network & Physical Security**

